UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DANIEL RICHARD HALL, III, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:17-CV-00118-JRG-CLC |
| HARLESS, CHRISTY FRAZIER, ST. LARAYNA, MILLER, SULLIVAN COUNTY SHERIFF'S MEDICAL STAFF, and SULLIVAN COUNTY SHERIFF'S NURSE STAFF, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Daniel Richard Hall, III ("Plaintiff") initiated this action when he filed a complaint on July 13, 2017, alleging constitutional violations pursuant to 28 U.S.C. § 1983 [Doc. 1]. On January 10, 2019, this Court entered an Order, granting Plaintiff's IFP motion and ordering Plaintiff to "immediately inform the Court and Defendants or their counsel of record of any address changes in writing" pursuant to Local Rule 83.13 [Doc. 7]. Plaintiff was forewarned that failure to promptly notify the Clerk and other parties to the proceeding within fourteen days of any changes in his address, to monitor the progress of the case, and to prosecute or defend the action diligently "may result in the dismissal of this action" [*Id*.]. The Order was mailed to Plaintiff at the address listed on his Complaint. However, on January 22, 2019, the mail sent by this Court was returned as "Undeliverable" noting that Plaintiff is "no longer at this facility" [Doc. 8]. As such, the Clerk remailed the Order to Plaintiff at an alternative address found on his complaint [*Id*.]. On that same day, the Clerk mailed Plaintiff a copy of Notice for Local Rule 83.13 explaining to Plaintiff that it is his duty as a pro se party to promptly notify the Clerk and other parties to the proceedings of

any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. [Doc. 9, *citing* E.D. Tenn. L.R. 83.13].

More than twenty-one days passed after the Order was returned to the Court and remailed to Plaintiff at the alternative address, and yet, Plaintiff had still not updated his address as ordered by this Court. This is important because without Plaintiff's current address, neither the Court nor defendants can communicate with him regarding his case. On February 14, 2019, this Court ordered Plaintiff to show cause in writing, within fourteen days, explaining why his case should not be dismissed with prejudice for failure to prosecute and/or failure to follow the orders of this Court [Doc. 10]. Plaintiff was put on notice that failure to comply with the terms of the Court's order will result in dismissal of his case [*Id.*]. Plaintiff has not filed any other response to the Court's show cause order nor has he updated his address. The deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two attempts made by this Court to contact Plaintiff regarding his case have been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 7 p. 2; Doc. 9].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. There seems little purpose allowing alternative sanctions where Petitioner has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court will enter an order consistent with this opinion.

ENTER:

                                              s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE